**EMMA RANDALL, Plaintiff**

**v.**

**AMERICAN SAMOA GOVERNMENT, DOES 1 & 2, Defendants**

High Court of American Samoa
Trial Division

CA No. 170-94

May 30, 1995

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and
VAIVAO, Associate Judge.

Counsel: For Plaintiff, Cheryl A. Crenwelge
 For Defendant, Henry W. Kappel, Assistant Attorney
 General

Order Denying Motion for Summary Judgment:

## HISTORY

Plaintiff Emma Randall ("Plaintiff") claims injuries to her person allegedly
resulting from an assault by an inmate at the Tafuna Correctional Facility
on or about September 28, 1992. Plaintiff claims that defendants,
American Samoa Government and Does 1 & 2 (together "ASG"), were
negligent in the duty to provide adequate security for her visit to an inmate
at the facility.

Plaintiff filed a government tort claim with ASG pursuant to A.S.C.A. §
43.1202 *et seq.* by registered mail September 21, 1994. The Attorney
General received the complaint September 29, 1994. We are guided by

T.C.R.C.P. 5(b) which provides that "[s]ervice by mail is complete upon mailing." Accordingly, the day upon which the complaint is considered to be filed with ASG is September 21, 1994. Whenever service is by mail, six days are added to any deadline running from the service date which affects the rights or responsibilities of the party served. T.C.R.C.P. 6(e). Plaintiff's claim was, therefore, effectively denied December 27, 1994, because three months and six days had elapsed since the filing of the claim with no reply by ASG. A.S.C.A. § 43.1205(a). On September 27, 1994, Plaintiff filed this action. On January 6, 1995, ASG moved for summary judgment on the ground that this lawsuit was filed before administrative remedies were exhausted under A.S.C.A. § 43.1204(a) requiring its dismissal, and asserting that the two-year limitation period prescribed in A.S.C.A. § 43.1204 prevents the refiling of the lawsuit.

## DISCUSSION

We refer the reader to our opinion in *Bradcock v. American Samoa Gov't, supra*, 28 A.S.R.2d 66 (Trial Div. 1995), announced contemporaneously with this decision, for our analysis regarding the date a claim or cause of action accrues for purposes of A.S.C.A. § 43.1204.[1] Plaintiff filed both her administrative claim and her claim in this Court prior to the two-year anniversary of her injury, and on that basis we need not consider whether or not her claim accrued on the date of injury, as considered in *Mataipule v. Tifaimoana*, 16 A.S.R.2d 48, 49 (Trial Div. 1990).

We further refer the reader to our analysis in *Bradcock, supra*, 28 A.S.R.2d at 69, holding that the statute of limitations is tolled during the pendency of the administrative claim. One year, eleven months and three weeks passed between Plaintiff's injury and the filing of her administrative claim. These facts potentially left Plaintiff with three months and one week to file her lawsuit after denial of her administrative claim. In actual fact, Plaintiff filed her lawsuit before the denial of her administrative claim.

ASG raises the issue of whether Plaintiff's filing of the lawsuit before exhaustion of administrative remedies requires us to dismiss the case for want of jurisdiction. We hold that it does not. Regardless of whether we had jurisdiction to hear the case when it was filed, we clearly have

---

[1] A.S.C.A. § 43.1204 provides: "A tort action against the government shall be forever barred unless an action on it is begun within 2 years after the claim accrues."

71

jurisdiction over it now, and to require that it be dismissed at this time for lack of jurisdiction would amount to placing formality over substance. *Mataipule*, made it clear that filing a complaint before administrative remedies have been exhausted, "failed to invoke the court's jurisdiction," but decided that such a filing "was sufficient to toll the statute," on the theory that filing an administrative claim constituted the "beginning of an action." *Id.* at 56.

 In *Gobrait v. Americana Hotels*, 1 A.S.R.2d 1, 1 (Trial Div. 1978), we held that a complaint which was jurisdictionally deficient for failure to exhaust administrative remedies could be made sufficient by amending the complaint to indicate compliance with the Government Tort Liability Act. A dismissal for failure to indicate such compliance would be without prejudice to file another complaint. *Id.* at 2. In the present case, ASG contends that filing a new action would be barred by the statute of limitations, since the second anniversary of the injury occurred a week after the administrative claim was denied. *See Randall v. American Samoa Gov't*, 19 A.S.R.2d at 118. Under similar circumstances, it was argued in *Randall I* that if the Plaintiff attempted to amend the complaint, her amendment would relate back to the date of filing when the court could not properly exercise jurisdiction, and would thus be invalid. *Id.* Again, we think that this creative argument elevates form over substance. The relation back of amendments is a legal fiction designed to allow the correction of technical mistakes in pleading by amendment without violating the statute of limitations. Charles Alan Wright, *Law of Federal Courts*, 429-30 (4th ed. 1983). Accordingly, it would be improper for us to allow a questionable technicality about the relation back of amendments to deny a substantive right.

 If ASG had moved for dismissal while the administrative claim was still pending, and if the motion had been granted, Plaintiff would be on notice that she needed to re-file her lawsuit again after denial of the administrative claim. We will not retroactively dismiss a lawsuit for lack of jurisdiction where we presently have jurisdiction. The time for the motion to dismiss for lack of jurisdiction was during the time that we did not have jurisdiction. T.C.R.C.P. 12(h)(3) requires, "Whenever it appears by the suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." In the present case, it does not appear that the court presently "lacks jurisdiction of the subject matter."

Plaintiff is hereby ordered to amend her complaint to indicate an exhaustion of administrative remedies within seven (7) days of the entry

of this order. At the time of such amendment, the motion for summary judgment is denied.

It is so ordered.